UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD JONES,

        Petitioner,

        v.                                          **MEMORANDUM & ORDER**
                                                      21-CV-825 (WFK) (LB)

STATE OF NEW YORK,

        Respondent.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Richard Jones ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction for one count of first-degree robbery and two counts of second-degree robbery. ECF No. 1. For the reasons set forth below, the Court finds none of Petitioner's proffered grounds are cognizable under federal habeas review. Thus, the Petition is DENIED in its entirety.

## BACKGROUND

### I. The Offense, Conviction, and Sentencing

Petitioner's conviction arose from a string of robberies which began on the evening of September 4, 2013 and continued into the early morning of September 5, 2013, in Brooklyn, New York.

On September 4, 2013, at approximately 11:25 p.m., Steven Fisher was walking toward his home on Bushwick Avenue in Brooklyn when he noticed he was being followed by three men. Resp. Opp. at 1, ECF No. 7.[1] One of the men approached Fisher and asked him for directions. *Id.* The man then expressed an interest in Fisher's watch, which prompted Fisher to attempt to flee. *Id.* at 2. Fisher proceeded to push the man aside and tried to run into his building. *Id.* Before he could make it inside however, a struggle ensued between Fisher, the man who asked for directions, and another member of the group who had been following Fisher.

---

[1] Page citations to the Petition and Respondent Affidavit refer to the PDF page number of the ECF docket entry.

1

*Id.* During their fight, the men knocked Fisher to the ground and searched his pockets. *Id.* When Fisher noticed one of the men was holding a taser, he stopped struggling and allowed the men to take his wallet and cellphone. *Id.*

Several hours later, at approximately 1:30 a.m., Clayton Alfred entered the vestibule of his building on Washington Avenue in Brooklyn where he was accosted by three men. *Id.* The men tasered Alfred in the shoulder, pushed him to the ground, and stole his jewelry, watch, cellphone, and bag, before driving away. *Id.*

Petitioner was arrested in connection with the robberies of both Fisher and Alfred on September 19, 2013. *Id.* After waiving his *Miranda* rights, Petitioner admitted to participating in the Alfred robbery. *Id.* Petitioner was later charged in Kings County, New York under Indictment Number 8099. *Id.* In connection with the Fisher robbery, Defendant was charged with (1) first-degree robbery in violation of New York Penal Law ("N.Y.P.L.") § 160.15(3); (2) second-degree robbery in violation N.Y.P.L. § 160.10(1); (3) third-degree robbery in violation of N.Y.P.L. § 160.05; (4) attempted second-degree assault in violation of N.Y.P.L. §§ 110.00 and 120.05(2); (5) attempted third-degree assault in violation of N.Y.P.L. §§ 110.00 and 120.00(1); and (6) petit larceny in violation of N.Y.P.L. § 155.25. *Id.* In connection with the Alfred robbery, Defendant was charged with (1) first-degree robbery in violation of N.Y.P.L. § 160.15(3); (2) second-degree robbery in violation of N.Y.P.L. § 160.10(1); (3) third-degree robbery in violation of N.Y.P.L. § 160.05; (4) attempted second-degree assault in violation of N.Y.P.L. §§ 110.00 and 120.05(2); (5) attempted third-degree assault in violation of N.Y.P.L. §§ 110.00 and 120.00(1); and (6) petit larceny in violation of N.Y.P.L. § 155.25. *Id.*

In November 2013, Petitioner moved to sever the Indictment as to the two robberies pursuant to N.Y.C.P.L. § 200.20. Resp. Opp. at 2-3. The State opposed the motion, *id.* at 3, and

on December 17, 2014, the New York State Supreme Court, Kings County ("the trial court") denied the motion. Resp. Opp. at 3. The court reasoned severance would be inappropriate as the same statutory provisions defined both of the charged offenses and because "the similarities between the two robberies are sufficient to show a pattern whereby the evidence of each of the alleged robberies [were] reciprocally admissible in the People's case in chief for the other alleged robbery." *Id.*

At the conclusion of trial, a jury returned a verdict against Petitioner, finding him guilty of first- and second-degree robbery for the Fisher robbery and one count of first-degree robbery and two counts of second-degree robbery for the Alfred robbery. *Id.* at 4. On October 1, 2015, for the Alfred robbery offenses, the trial court sentenced Petitioner to a term of ten years for the first-degree robbery conviction, ten years for the second-degree robbery conviction, and fifteen years for his other second-degree robbery conviction, to run concurrently to each other and consequently to Petitioner's sentence on the Fisher offenses, for which the court sentenced Petitioner to a term of incarceration of ten years. *Id.* In addition to these terms of imprisonment, the court also sentenced Petitioner to a term of five years' supervised release. *Id.*

**II. Post-Conviction Activity**

Petitioner appealed his conviction in June 2018. Pet. App. Br., ECF No. 7-6. Petitioner raised seven challenges in support of his appeal, including the four at issue in the instant Petition. *Id.* On July 19, 2019, the Appellate Division vacated Petitioner's convictions of first-degree and second-degree robbery stemming from the Fisher robbery. *People v. Jones*, 102 N.Y.S.3d 265, 267 (2d Dep't 2019). The court also granted Petitioner's motion to suppress cellphone footage which apparently identified Petitioner and ordered a new trial with respect to the count charging second-degree robbery for the Fisher robbery. *Id.* The modified judgment of conviction was

later affirmed, *id.*, and on August 27, 2019, the New York Court of Appeals denied Petitioner leave to appeal. *People v. Jones*, 109 N.Y.S.3d 704 (2019).

On February 4, 2021, Petitioner filed the instant *pro se* petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petition, ECF No. 1. On May 6, 2021, this Court issued a briefing schedule, ordering the Government to respond to the Petition within 60 days and affording Petitioner 30 days to reply should he so choose. ECF No. 4. On June 30, 2021, Respondent filed its opposition to the Petition. ECF No. 7. On July 12, 2021 and August 6, 2021, Petitioner filed motions for extensions of time to file a reply. ECF Nos. 8, 9. The Court granted Petitioner's requests on August 13, 2021 and directed Petitioner to file his reply on or before December 17, 2021. ECF No. 10. Petitioner failed to timely file his reply, prompting the Court to order Petitioner to file a reply, if any, by April 16, 2023. ECF No. 11. To date, Petitioner has yet to file a reply to Respondent's opposition.

---

[2] In a letter dated May, 10, 2021, Petitioner informed the Court he had not filed a Petition for Writ of *habeas corpus* and that he had instead filed a letter requesting an extension of time in which to do so. ECF No. 5. However, the document filed at ECF No. 1 is not a request for an extension of time to file, but is a habeas petition, both as named and in substance. ECF No. 1. Further, Petitioner has since acknowledged the filing of the Petition. *See* ECF No. 7 (Letter from Petitioner acknowledging receipt of the Respondent's opposition and requesting an extension of time to reply to it).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs the Court's review of the instant petition. Under this statute, a federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a petitioner's claims have been rejected on the merits by a state court, the federal court "may grant [a] writ [of habeas corpus] only if that decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or if the decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *McCormick v. Jacobson*, 16-CV-1337 (ERK) (LB), 2021 U.S. Dist. LEXIS 240512, at *6 (E.D.N.Y. Dec. 16, 2021) (Korman, J.) (quoting 28 U.S.C. § 2254(d)).

Judicial review under the "unreasonable application" prong is "extremely deferential," and a "state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Id.* (quoting *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015)). Furthermore, the Court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101-02 (2d Cir. 2011) (citations and internal quotation marks omitted).

Petitioner raises four challenges at present. These are: (1) he was denied due process when the trial court refused to sever the charges related to the Fisher and Alfred robberies; (2) he was deprived of his due process right to a fair trial and his right to testify in his own defense

arising out of the trial court's *Sandoval* ruling; (3) the trial court improperly handled two jury notes; and (4) the trial court's sentence was excessive. *Id.* at 6-28. For the following reasons, the Court finds none of these challenges are cognizable under federal habeas review and that each must be denied accordingly.

## I. Wrongful Joinder Claim

Petitioner's first claim arises from the trial court's denial of Petitioner's motion to sever the Fisher robbery charges from those related to the Alfred robbery. Petition at 6-8. Specifically, Petitioner argues "there was nothing distinct or idiosyncratic about [the two] robberies[,]" and "enormous prejudice occurred in trying [the robberies] together." *Id.* at 6. Petitioner claims that while both robberies were "nighttime muggings involving multiple assailants[,]" and concedes both occurred on the same night, there were sufficient differences between the two—including the locations and manner of execution of the robberies—such that joinder of the two incidents was inappropriate. *Id.* Petitioner also alleges there was "more than a 'substantial likelihood that the jury would be unable to consider separately the proof as it related to each offense' to warrant severance" of the Indictment. *Id.* at 6-7. On direct appeal, the Appellate Division concluded the trial court properly denied Petitioner's motion to sever the Indictments. *Jones*, 102 N.Y.S.3d at 265. In particular, the Appellate Court found the counts were properly joined under C.P.L. § 200.20 (2)(b), and thus ruled the "court lacked the statutory authority to sever them." *Id.* Respondent, in turn, raises several arguments in response to this challenge, including that the claim is not cognizable on habeas review and is meritless regardless. Resp. Opp. at 22-24.

Claims that implicate solely the application of state law are not cognizable on federal habeas review. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that

6

a 'mere error of state law' is not a denial of due process."); *see also Griffin v. Coveny*, 19-CV-01495 (JKS), 2021 WL 3884217, at *5 (N.D.N.Y. Aug. 31, 2021) (Singleton, J.) (rejecting a habeas petitioner's claim the trial court erred in refusing to sever certain counts on the basis that such a claim is not cognizable on federal habeas review); *Haywood v. Griffin*, 16-CV-3870 (KMK) (JCM), 2019 WL 8128481, at *18 (S.D.N.Y. Dec. 27, 2019) (McCarthy, M.J.), *report and recommendation adopted*, 16-CV-3870 (KMK), 2020 WL 257504 (S.D.N.Y. Jan. 17, 2020) (Karas, J.) ("To the extent that Petitioner bases his claim on the state court's application of CPL §§ 200.20(2) or (3), 'he is alleging an error of state law for which habeas relief is not available.'" (quotation omitted)).

Under CPL § 200.20(2)(b), two offenses may be joined when "[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first." N.Y.C.P.L. § 200.20(2)(b). Here, Petitioner challenges the proper application of a state law to his case. Therefore, Petitioner is not entitled to relief under federal habeas review.

## II. The Trial Court's *Sandoval* Ruling

Petitioner's second claim relates to the trial court's allegedly "unbalanced" *Sandoval* ruling which he argues was extremely prejudicial. Petition at 10-11. Namely, Petitioner alleges he was denied his due process rights to a fair trial and his right to testify on his own behalf because the trial court ruled if the Petitioner chose to testify, the prosecutor would be permitted to cross-examine Petitioner regarding whether he had previously been convicted of a prior robbery, which involved Petitioner stealing a motor vehicle by force. *Id.* According to

7

Petitioner, the trial court "should have limited the prosecution to[] eliciting that Petitioner had been convicted of a felony, which would have given the State adequate grounds to attack Petitioner's credibility without unfairly prejudicing Petitioner by suggesting he had a propensity to commit robberies like the ones for which he was on trial." *Id.* at 11. On direct appeal, the Appellate Court determined this claim was both unpreserved for appellate review and meritless because "the court's *Sandoval* ruling did not deprive [Petitioner] of a fair trial." *People v. Jones*, 102 N.Y.S.3d at 265. Respondent argues this claim is not cognizable on review, is procedurally forfeited, and lacks merit. Resp. Opp. at 25-28. The Court agrees.

As a threshold matter, Petitioner's second claim is not cognizable on habeas review. To preserve and then raise a claim of improper impeachment with a prior conviction—in this case, Petitioner's vehicle robbery—Petitioner must have testified at trial. *Luce v. United States*, 469 U.S. 38, 43 (1984). A petitioner's failure to testify is "fatal" to these claims because if they have not testified "any possible harm flowing from a district court's [ ] ruling permitting impeachment by a prior conviction is wholly speculative." *See Mullins v. Graham*, 17-CV-2958 (DC), 2023 WL 2740774, at *6 (E.D.N.Y. Mar. 31, 2023) (Chin, J.) (citing *Luce*, 469 U.S. at 41) (quotation omitted). As Petitioner did not testify at trial, Petitioner's second claim does not provide a basis for federal habeas relief.

### III. Mishandling of Jury Notes Claim

Petitioner also argues the trial court erred in its handling of two jury notes. Petition at 14-18. The first note asked "whether it [was] possible to see the surveillance footage in a more close-up format" and requested some additional exhibits. *Id.* at 14. The trial court declined to read the first note aloud because it considered the note to be solely asking for exhibits. *Id.* The jury's third note asked "whether [the jury] could consider proof of one robbery as evidence of the

8

other," to which the trial court answered "yes," without further explanation and over the objection of defense counsel. *Id.* On direct appeal, the Appellate Division concluded Petitioner's claims regarding the notes were unpreserved and partially preserved, respectively. *People v. Jones*, 102 N.Y.S.3d at 265. The Appellate Division concluded Petitioner's contentions with respect to the jury notes were without merit. *Id.* Respondent argues this claim is (1) not cognizable on habeas review, (2) unexhausted, (3) procedurally forfeited, and (4) without merit. Resp. Opp. 29-32.

The Court finds this claim is not cognizable under federal habeas review. Criminal Procedure Law § 310.30 governs how trial courts respond to jury notes. The law provides in this instance that a trial court is merely required to provide "such requested information" as it "deems proper." C.P.L. § 310.30. This inquiry is rooted in state law, and as previously described, violations or errors of state law do not constitute grounds for habeas review. *See Cornado v. Bellnier*, 10-CV-5265, 2012 WL 6644637, at *5 (S.D.N.Y. Sept. 20, 2012) (Pitman, M.J.) ("A claim premised on a violation of New York Criminal Procedure Law Section 310.30 does not allege a violation of a federally protected right."); *see also Stewart v. New York*, 20-CV-0329 (JMA), 2021 WL 4311054, at *27 (E.D.N.Y. Sept. 22, 2021) (Azrack, J.), appeal dismissed, 21-2575, 2022 WL 1100446 (2d Cir. Feb. 9, 2022) (finding a petitioner's claim arising out of the alleged mishandling of jury notes at trial did not provide a basis for federal habeas relief). Therefore, the Court finds no basis for Petitioner's third claim for habeas relief.

## IV. Excessive Sentencing Claim

Petitioner's final claim is that his sentence was excessive. Petition at 20-22. Petitioner argues the trial court's imposition of a 25-year aggregate sentence was overly harsh and excessive. *Id.* at 20. Petitioner raised several reasons in support of this claim, including by

9

noting the comparatively shorter time period proposed in the plea offer and recommended by the prosecution, and Petitioner's "extremely difficult life," which was marked by homelessness and physical abuse. *Id.* In response, Respondent argues this claim is not cognizable on habeas review and lacks merit. Resp. Opp. at 32-36.

The Court first notes Petitioner's sentence was amended upon appeal. *Jones*, 102 N.Y.S.3d at 265. In October 2015, Defendant was originally sentenced to an aggregate term of imprisonment of 25 years and a term of supervised release of five years. Resp. Opp. at 7. However, in June 2019, the Appellate Division vacated Petitioner's convictions related to the Fisher robbery and thus, Defendant's aggregate sentence was reduced to a term of 15 years' imprisonment followed by a term of five years' supervised release. *Id.*

Secondly, the Court notes Petitioner in raising this claim has presented no federal constitutional issue. That is insofar as "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted); *see also Wu v. Jones*, 19-CV-1284 (GLS) (CFH), 2023 WL 2617149, at *37 (N.D.N.Y. Mar. 8, 2023) (Hummel, M.J.), *report and recommendation adopted*, 19-CV-1284 (GLS) (CFH), 2023 WL 2611140 (N.D.N.Y. Mar. 23, 2023) (Sharpe, J.). Under New York law, both "robbery in the first degree as defined in [P.L.] section 160.15" and "robbery in the second degree as defined in [P.L.] section 160.10" is considered "a violent felony offense." N.Y.P.L. §§ 70.02(1)(a) and (b). These offenses constitute class B and class C felonies, respectively. *Id.* "The term of a determinate sentence for a violent felony offense ... For a class B felony ... must be at least five years and must not exceed twenty-five years...." *Id.* § 70.02(3)(a). For a class C felony, a sentence "must be at least three and one-half years and must not exceed fifteen years." *Id.* § 70.02(3)(b). The trial court was therefore authorized to

impose a sentence between five and twenty-five years for Petitioner's conviction of one count of first-degree robbery and between three and a half years and fifteen years for each of Petitioner's convictions of second-degree robbery. As previously described, "by operation of law, [Petitioner's] aggregate sentence was effectively reduced to a term of fifteen years of imprisonment followed by five years of post-release supervision." Resp. Opp. at 32. Since Petitioner's sentence falls within the limits set by the New York State legislature, this claim does not provide a ground for federal habeas relief. See *Wu v. Jones*, 2023 WL 2617149, at *37.

## CONCLUSION

The Court has considered all of Petitioner's arguments and found that none are cognizable on federal habeas review. The Petition is therefore DENIED in its entirety. A certificate of appealability shall not issue. See 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2023
       Brooklyn, New York